SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ARTHUR J. FRIEDMAN, Cal. Bar No. 160867
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
ELIZABETH A. FROHLICH, Cal. Bar. No. 195454
ADRIENNE W. LEE, Cal. Bar No. 265617
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415.434.9100
Facsimile:     415.434.3947
E mail          afriedman@sheppardmullin.com
                   rstumpf@sheppardmullin.com
                   efrohlich@sheppardmullin.com
                   alee@sheppardmullin.com

Attorneys for Defendants
YEUNG PING LEUNG HOWARD, YEUNG LUK PUI LAN AGNES, FUNG CHUNG YEE CAROLINE, and CHEUNG KIT MAN MELINA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| YEUNG BING KWONG KENNETH, an individual; PRESTIGE HOLDINGS LTD, a Hong Kong, China Company; and COMMERCIAL TRIUMPH LTD, a Hong Kong, China company,<br><br>            Plaintiffs,<br><br>       v.<br><br>YEUNG CHI SHING HOLDING (DELAWARE) INC., a Delaware Corporation; YEUNG PING LEUNG HOWARD, an individual; YEUNG LUK PUI LAN AGNES, an individual; FUNG CHUNG YEE CAROLINE, an individual; CHEUNG KIT MAN MELINA, an individual; MOUNT OSCAR LIMITED, a Hong Kong, China entity; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. 4:18-cv-07644-YGR<br><br>**INDIVIDUAL DEFENDANTS' NOTICE OF MOTION AND MOTION: (1) TO DISMISS PLAINTIFF KENNETH'S INDIVIDUAL CLAIM 7, AND (2) TO STRIKE CLAIMS FOR RELIEF SEEKING PLAINTIFF KENNETH'S REINSTATEMENT AS DIRECTOR**<br><br>[FED. R. CIV. PROC. 12 (B)(1), 12(B)(6), AND 12(F)]<br><br>Hearing Information:<br>Date:  December 17, 2019<br>Time: 2:00 p.m.<br>Courtroom 1<br><br>Judge: Hon. Yvonne Gonzales Rogers |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 17, 2019 at 2:00 p.m. in Courtroom 1 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, defendants Yeung Ping Leung Howard, Yeung Luk Pui Lan Agnes, Fung Chung Yee Caroline, and Cheung Kit Man Melina (the Individual Defendants) will and do move this Court for an order (1) dismissing Plaintiff Yeung Bing Kwong Kenneth's (Kenneth's) individual state law Claim 7 alleging he was improperly removed as a director of Nominal Defendant Yeung Chi Shing Holding (Delaware), Inc. (the Delaware Holding Company) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367 for lack of subject matter jurisdiction; or alternatively, (2) dismissing Claim 7 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and (3) striking claims for relief that seek confirmation or reinstatement of Kenneth as a director pursuant to Federal Rule of Civil Procedure 12(f), specifically:

> Paragraph 90(d): "Issue an order (1) confirming that Plaintiff Kenneth remains a director of Holding Company if he has not been removed as a director of Holding Company, or (2) reinstating Kenneth as a director of Holding Company if he has been so removed;"
>
> Paragraph 95(d): "Issue an order (1) confirming that Plaintiff Kenneth remains a director of Holding Company if he has not been removed as a director of Holding Company, or (2) reinstating Kenneth as a director of Holding Company if he has been so removed;"
>
> Paragraph 100(d): "Issue an order (1) confirming that Plaintiff Kenneth remains a director of Holding Company if he has not been removed as a director of Holding Company, or (2) reinstating Kenneth as a director of Holding Company if he has been so removed;"
>
> Prayer (i): "An order (1) confirming that Plaintiff Kenneth remains a director of Holding Company if he has not been removed as a director of Holding Company; or (2) reinstating Kenneth as a director of Holding Company if he has been so removed;" and
>
> Prayer (j): "An order reinstating Plaintiff Kenneth to his position as director of Holding Company".

The Individual Defendants bring the motion to dismiss on two grounds:

1       (1)    Claim 7 does not arise out of the same case or controversy as the federal law claims and the Court therefore does not have supplemental jurisdiction over that Claim.

      (2)    Under Delaware law, a director may be removed by a majority of the shares entitled to vote, with or without cause, and with or without notice. Plaintiff Kenneth acknowledges he is not a shareholder of the Delaware Holding Company and thus not entitled to elect or vote to remove its directors. Claim 7 thus fails to state a claim upon which relief can be granted as a matter of law.

The Individual Defendants also move to strike the paragraphs set forth above on the grounds that if the Court dismisses Kenneth's individual state law Claim 7, his requests for relief for his allegedly wrongful removal would then be immaterial under Federal Rule of Civil Procedure 12(f).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers and other materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as this Court may consider.

Dated: November 12, 2019

                                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                         By        */s/ Arthur J. Friedman*
                                                      ARTHUR J. FRIEDMAN

                                                   Attorneys for Defendants
                             YEUNG PING LEUNG HOWARD, YEUNG LUK PUI LAN AGNES, FUNG CHUNG YEE CAROLINE, and CHEUNG KIT MAN MELINA

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................... 1

INTRODUCTION ................................................................................................................ 1

SUMMARY OF FACTUAL ALLEGATIONS .................................................................... 2

ARGUMENT ........................................................................................................................ 3

I. The Court Lacks Supplemental Jurisdiction Over Claim 7 Because It Does Not Arise Out of the Same Case or Controversy as the Federal Claims. .......................... 3

II. Alternatively, The Court Should Dismiss Claim 7 Because It Fails to State a Claim Upon Which Relief Can Be Granted. ................................................................. 6

III. Because the Court Should Dismiss Claim 7, It Should Also Strike Kenneth's Claims for Relief Seeking Confirmation/Reinstatement as a Director of the Delaware Holding Company. ........................................................................................ 7

CONCLUSION ..................................................................................................................... 7

SMRH:4840-2627-8808.8

-i-   Case No. 3:18-cv-07644-YGR
MOTION TO DISMISS CLAIM 7 AND TO STRIKE CLAIMS FOR RELIEF SEEKING REINSTATEMENT AS DIRECTOR

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Bureerong v. Uvawas*
   922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................................... 7

*Hensley v. City of San Buenaventura*
   2008 WL 768134 (S.D. Cal. Mar. 17, 2008) ................................................................. 3

*Hudson v. Delta Air Lines, Inc.*
   90 F.3d 451 (11th Cir. 1996) .......................................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of America*
   511 U.S. 375 (1994) ....................................................................................................... 3

*LeDuc v. Kentucky Central Life Ins. Co.*
   814 F. Supp. 820 (N.D. Cal. 1992) ................................................................................ 7

*Lyon v. Whisman*
   45 F.3d 758 (3d Cir. 1995) ............................................................................................. 5

*Mendoza v. Zirkle Fruit Co.*
   301 F.3d 1163 (9th Cir. 2002) ....................................................................................... 3

*Obendorfer v. Gitano Group, Inc.*
   838 F.Supp. 950 (D.N.J. 1993) ...................................................................................... 4

*Ramachandran v. City of Los Altos*
   359 F.Supp.3d 801 (N.D. Cal. 2019) ............................................................................. 7

*Sidney-Vinstein v. A.H. Robins Co.*
   697 F.2d 880 (9th Cir. 1993) .......................................................................................... 7

*Soliday v. Miami County, Ohio*
   55 F.3d 1158 (6th Cir. 1995) .......................................................................................... 4

*United Mine Workers v. Gibbs*
   383 U.S. 715 (1966) ....................................................................................................... 3

*In re Wilshire Courtyard*
   729 F.3d 1279 (9th Cir. 2013) ....................................................................................... 3

State Cases

*Genger v. TR Investors, LLC*
    26 A.3d 180 (Del. 2011) ............................................................................................... 5

Federal: Statutes, Rules, Regulations, Constitutional Provisions

28 U.S.C.
    § 1367 ............................................................................................................................ 1
    § 1367(a) ....................................................................................................................... 3
    § 1367(c)(1) ................................................................................................................... 5

Federal Rule of Civil Procedure
    12(b)(1) ......................................................................................................................... 1
    12(b)(6) ......................................................................................................................... 1
    12(f) ............................................................................................................................... 7

United States Constitution
    Article III ....................................................................................................................... 3

State: Statutes, Rules, Regulations, Constitutional Provisions

8 Delaware Code
    § 141(k) ..................................................................................................................... 6, 7
    § 225(a) .......................................................................................................................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 28 U.S.C. § 1367, the Individual Defendants move to dismiss Kenneth's individual state law Claim 7 for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted. They also move to strike the portions of Kenneth's requests for relief that seek his confirmation and/or reinstatement as a director of the Delaware Holding Company.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should dismiss Claim 7 because it does not arise out of the same case or controversy as the federal derivative RICO claims asserted by Plaintiffs Prestige Holdings Ltd. and Commercial Triumph Ltd.

2. Alternatively, whether the Court should dismiss Claim 7 because it fails to state a claim upon which relief can be granted.

3. Whether the Court should strike Kenneth's requests for relief seeking confirmation and/or reinstatement as a director of the Delaware Holding Company.

## INTRODUCTION

Kenneth, both individually and through his repeatedly alleged ownership and control of derivative Plaintiffs Prestige Holding Ltd. and Commercial Triumph Ltd. (the Plaintiff Companies), filed this action after his years-long strategy to wrestle control of the Yeung family's Hong Kong-based holding corporation and related subsidiaries from his siblings by filing numerous lawsuits against them in Hong Kong was stymied by an unbroken chain of unfavorable rulings.

In this most recent effort, Kenneth, through his "nominee" Plaintiff Companies purport to challenge the Delaware Holding Company's legitimate transfer pricing tax planning, which was developed by a major international accounting firm, peer reviewed by two additional professional advisors, and, approved by Kenneth himself through his signature on related entity meeting minutes. This challenge brought under the Racketeering Influenced and Corrupt Organizations Act (RICO) is the only source of this Court's jurisdiction to hear this dispute between Kenneth and his siblings. In Claim 7, Kenneth

asserts as one of two "individual" claims, a wholly different matter, alleging that his removal by the shareholders as a director of the Delaware Holding Company without prior notice violated Delaware law.

Because Claim 7 does not arise out of the same case or controversy as the federal, derivative claims, the Court lacks supplemental jurisdiction over this claim and, in any event, would be well within its jurisdiction to decline to hear it. However, should the Court exercise jurisdiction over Claim 7, it nonetheless should be dismissed because it does not allege facts that Kenneth's removal as a director violated Delaware law. Indeed, contrary to the legal assumptions underlying Claim 7, Delaware law permits shareholders to remove a director with or without cause and with or without notice. And if the Court dismisses Claim 7, it should also strike Kenneth's requests for relief for confirmation and/or reinstatement as a director of the Delaware Holding Company.

## SUMMARY OF FACTUAL ALLEGATIONS

The federal derivative RICO claims Kenneth asserts through his Plaintiff Companies challenge the Delaware Holding Company's legitimate transfer pricing tax planning by characterizing it as an "earnings stripping and tax evasion scheme" created by its directors, including Kenneth's siblings. Mostly on information and belief, Kenneth through his Plaintiff Companies alleges that the Delaware Holding Company paid advisor fees to Defendant Mount Oscar Ltd. for advisor services it did not actually provide and made other disbursements to Yeung family members (including Kenneth) for services or goods that were not of reasonably equivalent value to the fees that it paid. (Second Amended Complaint (SAC) ¶ 6.)

In Claim 7, Kenneth alleges an individual state law claim based upon a new and unrelated set of facts.[1] Upon information and belief, he alleges that at some point in 2017, the Individual Defendants removed him as a director of the Delaware Holding Company

---

[1] Kenneth also asserts an individual state law claim seeking a declaration that he is not liable for the Individual Defendants' alleged actions described in Plaintiffs' derivative claims (Claim 8). (SAC ¶¶ 115-21.)

without notice and that this action violated 8 Delaware Code § 225.  (SAC ¶¶ 112-13.)  On that basis, Kenneth seeks an order invalidating his purported removal as a director and/or reinstating him to his position as director of the Delaware Holding Company.  (SAC ¶ 114.)

## ARGUMENT

### I. The Court Lacks Supplemental Jurisdiction Over Claim 7 Because It Does Not Arise Out of the Same Case or Controversy as the Federal Claims.

It is a fundamental precept that federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-378 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* at 377; *see also In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013) (same).

Plaintiffs allege this Court has supplemental jurisdiction over Claim 7 pursuant to 28 U.S.C. § 1367(a) (section 1367(a)).  (SAC ¶ 12.)  That section provides, in part, that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution."  Supplemental jurisdiction, as codified in 28 U.S.C. § 1367(a), subsumes the concepts of "pendent" and "ancillary" jurisdiction which were developed in decisional caselaw including, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  But, the controlling constitutional standard for when claims "are so related" under § 1367 "remains that [which was] articulated in [*Gibbs*]: the claims must form 'but one constitutional case' and 'derive from a common nucleus of operative fact.'" *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002).

District courts routinely dismiss cases for lack subject matter jurisdiction (or supplemental jurisdiction), where such state law claims are not sufficiently related to the federal claims.  *See e.g., Hensley v. City of San Buenaventura*, 2008 WL 768134 at *5 (S.D. Cal. Mar. 17, 2008) (granting motion to dismiss where the only common element between federal and state claims was the deprivation of Plaintiff's property; but, plaintiff's property was taken by different people at different times, so there was no common nucleus of

operative fact); *Obendorfer v. Gitano Group, Inc.*, 838 F.Supp. 950, 956-57 (D.N.J. 1993) (dismissing spouse's state law slander claims where they did not arise out of the same nucleus of operative facts as the employment discrimination claims); *Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1165 (6th Cir. 1995) (dismissing state law claim against coroner for ordering cremation of prisoner without notifying next of kin, where claim did not arise out of a "common nucleus of operative facts" with the federal civil rights claims for "deliberate indifference" in providing medical care, so as to support supplemental jurisdiction); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996) (dismissing breach of contract claim where it did not arise out of the same "case or controversy" as federal ERISA claims).

Claim 7 for "attempted wrongful removal" under Delaware law does not fall within the Court's supplemental jurisdiction because it is not so related to the core federal, derivative RICO claims as to form part of the "same case and controversy." Although Kenneth alleges the Individual Defendants attempted to remove him as a director so that they could "continue with the Earnings Stripping Scheme," this tenuous link is insufficient to give rise to the Court's supplemental jurisdiction over Claim 7. (SAC ¶¶19(g), 20(g), 21(g), 22(g).) The motivation for the Individual Defendants' actions is irrelevant in a claim for wrongful removal under 8 Delaware Code section 225. Rather, the Delaware law claim and the federal law claims involve entirely different factual determinations.

Specifically, the SAC identifies the following as the relevant factual issues upon which his individual Claim 7 is based: (1) whether Oro Barbados, Oro BVI, or their directors provided any notice of any meetings addressing Plaintiff Kenneth's removal as a director of the Delaware Holding Company; (2) whether Kenneth received notice of any such meetings; (3) whether such meetings actually occurred; (4) and if so, who participated in such meetings and what occurred during such meetings. (*See* SAC ¶¶ 111-13.)

By contrast, the derivative RICO claims relating to the Delaware Holding Company's transfer pricing tax planning necessarily involve numerous and entirely distinct factual determinations including: (1) whether the Individual Defendants caused the Delaware

Holding Company to pay certain fees to Defendant Mount Oscar, Ltd. (Mt. Oscar); (2) whether advisor services were rendered to the Delaware Holding Company in exchange for those fees; and (3) the reasonable value of the services rendered to the Delaware Holding Company for which the "Other Diversions" were paid..

There is no overlap in the allegations that give rise to Claim 7 for attempted wrongful removal and the facts that give rise to the federal RICO claims challenging the Delaware Holding Company's transfer pricing tax planning. That Kenneth alleges the Individual Defendants were motivated to remove him "in order to continue with the Earnings Stripping Scheme" is, on its face, an inadequate basis to support supplemental jurisdiction. *See, e.g., Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995) (where employee sued employer under Fair Labor Standards Act and asserted a state law claim for failure to pay a bonus, the court could not exercise supplemental jurisdiction over the state law claims because they shared no "common nucleus of operative facts" with the FLSA claim, and where "the only link" between the two was the employer-employee relationship.).

Even were the Court to conclude otherwise, it should exercise its discretion to decline supplemental jurisdiction under 28 U.S.C. Section 1367(c)(1). That section provides that "district courts may decline to exercise supplemental jurisdiction . . . if . . . the claim raises a novel or complex issue of State law." Here, 8 Delaware Code section 225 authorizes the Delaware Court of Chancery to "determine the validity of any election, appointment, removal, or resignation of any director or officer of any corporation, and the right of any person to hold or continue to hold such office . . . ." 8 Del. C. § 225. The purpose of an action brought under this section "is to provide a quick method for review of the corporate election process to prevent a Delaware corporation from being immobilized by controversies about whether a given officer or director is properly holding office." *Genger v. TR Investors, LLC*, 26 A.3d 180, 199 (Del. 2011). Because the Delaware Court of Chancery has unique expertise in efficiently resolving claims like Claim 7, the Court should decline to exercise supplemental jurisdiction over Claim 7.

-5-   Case No. 3:18-cv-07644-YGR
SMRH:4840-2627-8808.8   MOTION TO DISMISS CLAIM 7 AND TO STRIKE CLAIMS FOR RELIEF SEEKING REINSTATEMENT AS DIRECTOR

**II.     Alternatively, The Court Should Dismiss Claim 7 Because It Fails to State a Claim Upon Which Relief Can Be Granted.**

Claim 7 challenges Kenneth's removal from the Board of the Delaware Holding Company on the ground that he did not receive notice of and therefore did not participate in any meeting of Oro Barbados (the sole shareholder of the Delaware Holding Company), its directors, or its parent entities, at which his removal was discussed. (SAC ¶ 111.) Notably, he does not allege he is or was a shareholder or director of Oro Barbados entitled to notice of that entity's meetings. He merely alleges, in conclusory terms, his "right to participate as a Delaware Holding Company director." (SAC ¶ 112.) These allegations do not state a claim upon which relief can be granted.

The only statute Kenneth cites in support of his Individual Claim 7 is 8 Delaware Code section 225 (Section 225). That section merely outlines the procedural aspects of various challenges before the Delaware Court of Chancery to the election or removal of officers and directors of Delaware corporations. *See, e.g.,* 8 Del. Code § 225(a) ("Upon application of any stockholder or director . . . the Court of Chancery may hear and determine the validity of any . . . removal . . . of any director . . . of any corporation, and the right of any person to hold or continue to hold such office . . . ."). Section 225 does not include any requirements regarding notice or any other substantive aspects of a shareholder vote.

Moreover, 8 Delaware Code section 141(k) provides that, subject to exceptions not relevant here, "[a]ny director . . . may be removed, with or without cause, by the holders of a majority of the shares then entitled to vote at an election of the directors." Kenneth does not allege he is or was a shareholder of the Delaware Holding Company. To the contrary, he alleges the sole shareholder of the Delaware Holding Company is Oro Barbados. (SAC ¶111.)

Kenneth's only ground for his individual Claim 7 is that he was not aware of a shareholder vote to remove him as a director of the Delaware Holding Company and received no notice of it. But neither Section 225 nor any other provision of Delaware law requires prior notice to a director before he or she is removed as a director, with or without

cause, pursuant to 8 Delaware Code section 141(k).  Claim 7 thus fails to allege facts sufficient to state a claim for relief.

### III. Because the Court Should Dismiss Claim 7, It Should Also Strike Kenneth's Claims for Relief Seeking Confirmation/Reinstatement as a Director of the Delaware Holding Company.

Under Federal Rule of Civil Procedure 12(f), a Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1993).

An "immaterial" matter "has no essential or important relationship to the claim for relief." *Ramachandran v. City of Los Altos,* 359 F.Supp.3d 801, 808-09 (N.D. Cal. 2019).  An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." *Id*. at 809 (citations omitted).  "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

In this case, Kenneth seeks orders invalidating any actions to remove him as a Director of the Delaware Holding Company and/or reinstating him as a director of the Delaware Holding Company under paragraphs 90(d), 95(d), 100(d), and prayer for relief (i) and (j).  If the Court dismisses Claim 7, it should also strike those requests for relief.

### CONCLUSION

The Court should dismiss Claim 7 and strike all requests for relief that seek Kenneth's confirmation or reinstatement as a director of the Delaware Holding Company.

Dated: November 12, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Arthur J. Friedman*
ARTHUR J. FRIEDMAN

Attorneys for Defendants
YEUNG PING LEUNG HOWARD, YEUNG LUK PUI LAN AGNES, FUNG CHUNG YEE CAROLINE, and CHEUNG KIT MAN MELINA